**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

GLENN DIALS,

                 Plaintiff,

v.                                      CIVIL ACTION NO.  2:11-cv-00201

SPARTAN MINING COMPANY, et al.

                 Defendants.

**MEMORANDUM OPINION AND REMAND ORDER**

Before the Court is Plaintiff's Motion to Remand to State Court [Docket 9].  For the reasons set forth below, this motion is **GRANTED**.

*I.  BACKGROUND*

This case arises from the allegedly unlawful actions of Defendants Spartan Mining Company ("Spartan"); Cowin & Company, Inc., Mining Engineers and Contractors ("Cowin"); and Massey Energy Company ("Massey").  Plaintiff alleges in the complaint that he was injured on March 2, 2009, when a steel beam fell on top of him when he was working on a coal mining site in Wyoming County, West Virginia.  Plaintiff alleges that Spartan, a subsidiary of Massey, was operating the mining site and that Cowin was a contractor engaged in construction there.  Plaintiff was employed by Cowin.

On February 24, 2011, Plaintiff filed a complaint in the Circuit Court of Mingo County, West Virginia, asserting three counts: "statutory liability," "negligence of Spartan and/or Massey," and "punitive damages."  Cowin filed a notice of removal on March 29, 2011, seeking to invoke this

Court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441.  According to the notice of removal, Spartan is a West Virginia corporation with its principal place of business in Virginia, Cowin is an Alabama corporation with its principal place of business in Alabama, and Massey is a Delaware corporation with its principal place of business in Virginia.  However, Cowin contends that Spartan is a fraudulently joined party and therefore should not be considered for jurisdictional purposes.  Plaintiff disagrees, arguing that Spartan was not fraudulently joined.  Plaintiff timely filed the pending motion to remand pursuant to 28 U.S.C. § 1447(c) on April 7, 2011.  Plaintiff maintains that because Spartan is a citizen of West Virginia, the parties are not diverse and this Court is without jurisdiction to entertain the complaint.  This matter is now fully briefed and ripe for the Court's consideration.

## II.  DISCUSSION

The asserted basis of the Court's jurisdiction over this removed action is that there is complete diversity of citizenship among the parties and the amount in controversy exceeds the jurisdictional threshold.  28 U.S.C. § 1332(a).  The amount in controversy requirement is not at issue, but the parties disagree as to whether complete diversity exists.  The complete diversity requirement is satisfied "when no party shares common citizenship with any party on the other side." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999).  Plaintiff and Defendant Spartan are citizens of West Virginia, which suggests that complete diversity does not exist.  However, if Spartan is a fraudulently joined party, then its citizenship is irrelevant to the jurisdictional analysis.  *Hartley v. CSX Transp.*, 187 F.3d 422, 424 (4th Cir. 1999).

A.       *Fraudulent Joinder*

Fraudulent joinder requires neither fraud nor joinder.  Rather, it is "a term of art [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against [a] nondiverse defendant, or in fact no cause of action exists." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc*., 903 F.2d 1000, 1003 (4th Cir. 1990); *cf. Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004) (adopting term "improper joinder" as more accurate than "fraudulent joinder").  To show that a nondiverse defendant has been fraudulently joined, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley*, 187 F.3d at 424 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (emphasis in original)). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley*, 187 F.3d at 423.  In fact, the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Mayes*, 198 F.3d at 464. Accordingly, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall*, 6 F.3d at 233; *see also Hartley*, 187 F.3d at 426 ("Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends.").

West Virginia law guides the Court in determining whether there is any possibility that Plaintiff would be able to establish a right to relief against Spartan in state court.  *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938); *see also Hartley*, 187 F.3d at 425.  Cowin does not argue that Spartan

3

was named as a defendant in an act of outright fraud.  Thus, the Court will consider whether Plaintiff would be able to establish a cause of action against Spartan.

Cowin argues that Spartan was fraudulently joined because Plaintiff cannot establish that Spartan owed a duty to Plaintiff under West Virginia negligence law.  Count two of Plaintiff's complaint alleges: "Spartan and Massey negligently failed to assure compliance by an independent contractor (Cowin) with all state and federal laws, rules and/or regulations applicable to work performed on the mining property where Spartan and Massey [were] operating, thereby causing injury [to Plaintiff]."  (Docket 1-1 at 8-9.)  To pursue a negligence action, a plaintiff must prove "that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff."  *Strahin v. Cleavenger*, 603 S.E.2d 197, 205 (W. Va. 2004).  "Violation of a statute is prima facie evidence of negligence.  In order to be actionable, such violation must be the proximate cause of the plaintiff's injury."  Syl. pt. 1, *Anderson v. Moulder*, 394 S.E.2d 61 (W. Va. 1990).

Spartan, as a mine operator, is subject to various state and federal statutes regarding mining safety.  For example, the Federal Coal Mine Health and Safety Act of 1969 defines an operator as "any owner, lessee, or other person who operates, controls, or supervises a coal mine."  Pub. L. No. 91-173.  The Act implements standards and directs the promulgation of mining regulations.  *Id.*; 30 U.S.C. § 811.  Plaintiff alleges that Spartan failed to assure Cowin's compliance with "all state and federal laws, rules and/or regulations applicable to work performed on the mining property." (Docket 1-1 at 8-9).  Further, as a part of the motion to remand, Plaintiff cites several violations from the Code of Federal Regulations and includes an affidavit from an expert discussing these

violations.[1]  These regulations deal with an operator's duty to follow certain safety and health regulations and appear to be applicable to the facts alleged in the complaint.  For example, 30 C.F.R. § 77.200 provides that "[a]ll mine structures, enclosures, or other facilities (including custom coal preparation) shall be maintained in good repair to prevent accidents and injuries to employees)." As operators must follow the Act and the promulgated regulations, Plaintiff has alleged enough to support a possible negligence cause of action against Spartan for purposes of a fraudulent joinder analysis.[2]  Accordingly, the Court **FINDS** that Cowin has not met its burden of demonstrating that Plaintiff has no possibility of establishing a cause of action against Spartan.  Therefore, the Court does not find that Spartan is a fraudulently joined party and its citizenship will be considered for the purpose of evaluating this Court's jurisdiction.  *See Mayes*, 198 F.3d at 461.

> B.    *Removal Jurisdiction*

United States "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Generally, the party seeking removal bears the burden of showing that federal jurisdiction exists.  *Mulcahey*

---

[1] The Court recognizes that it is unorthodox to consider an affidavit in evaluating a motion to remand.  However, the affidavit includes legal analysis, and thus, in this instance, the Court will deem it to be a part of the legal argument in support of the motion.

[2] The Court expresses no opinion on whether Plaintiff's complaint would or should survive the somewhat more rigorous standard of Rule 12(b)(6).

*v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand.  *Id.*

The propriety of the Court's jurisdiction over a removed action is evaluated in light of the record as it existed at the time of removal.  *Wickline v. Dutch Run-Mays Draft, LLC*, 606 F. Supp. 2d 633, 635 (S. D. W. Va. 2009).  In this case, the record as of the date the notice of removal was filed reflects that Glenn Dials is the only plaintiff and that Spartan, Cowin, and Massey are named as defendants.

Both Plaintiff and Spartan are citizens of West Virginia.  Thus, there is not complete diversity among the opposing parties.  Accordingly, the Court **FINDS** that it may not exercise jurisdiction over this removed action pursuant to 28 U.S.C. § 1332(a).

### *III.  CONCLUSION*

For the reasons set forth above, Plaintiffs' Motion to Remand  to State Court [Docket 9] is **GRANTED.**  The Court hereby **REMANDS** this case to the Circuit Court of Mingo County, West Virginia, for further proceedings.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party, and a certified copy of this Order to the Clerk of the Circuit Court of Mingo County.

ENTER:        March 16, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE